**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KOSSMAN CONTRACTING CO., INC.** | § § | |
| **Plaintiff** | § § | |
| **vs.** | § § | **CIVIL ACTION NO. _____** |
| **CITY OF HOUSTON** | § § § | |
| **Defendant** | § § | |

<u>**COMPLAINT**</u>

I.

<u>INTRODUCTION</u>

COMES NOW, Kossman Contracting Co., Inc., Plaintiff, (hereinafter "Kossman"), with this its complaint against the City of Houston and alleges and shows the following:

1.01    The City of Houston implemented its Minority and Women Owned Business Enterprise (MWBE) program in 1984.  The city has been in litigation challenging the constitutionality of its MWBE program periodically since 1996.  A 2008 settlement agreement led to the adoption of a 14% MBE goal and an 8% WBE goal. In 2009 white women were removed from the program.  In May 2013 white women were reinstituted and the 14% MBE goal was raised to an overall 34% MWBE goal in construction. Goals are set on construction contracts above $1 million. The program is administered by the City's Office of Business Opportunity.

1.02    This is an action to invalidate the City of Houston MWBE program.  The program is unconstitutional as a race, gender, and ethnicity-based preferential program since it denies non-MWBEs, such as the plaintiff, Equal Protection of the laws without sufficient justification.  There

is no compelling interest to justify the MWBE program.  Nor is the program narrowly tailored.

## II.

## THE PARTIES

2.01    Plaintiff Kossman Contracting Company is an incorporated entity with offices located at 6125 W. Gulf Bank, Houston, Texas 77008, Harris County, Texas.  Since 1984 Kossman Contracting has been engaged in the business of providing sod, seeding and other types of vegetative erosion control services, and is more than 51% owned by Robert Kossman, a white male.

2.02    Defendant City of Houston ("Houston") is an incorporated municipality established by the State of Texas in Harris County, Texas.  Houston can be served pursuant to the City's Charter by delivering the summons and Plaintiff's Complaint to its City Secretary, the Honorable Anna Russell, at 902 Bagby Street, Houston, Texas, 77002.

## III.

## JURISDICTION AND VENUE

3.01    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1988 and the Fourteenth Amendment of the United States Constitution.  This court has subject matter jurisdiction over Kossman's claims against Houston pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. 2000(d) and the previously cited statutory and Constitutional provisions.

3.02    This court has venue over Kossman's claims against Houston because the claims forming the basis of Kossman's lawsuit arise in Harris County, Texas.  In addition, the administrative offices of the Defendant are located in Harris County, Texas.

## IV.

## THE LEGAL LIMITS OF PREFERENCES IN PUBLIC CONTRACTING

4.01    The United States Constitution and federal statutory law prohibit discrimination on the basis of race or sex, including discrimination against Caucasian males such as Robert Kossman, owner of Kossman Contracting: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States … nor deny to any person within its jurisdiction the equal protection of the laws." United States Constitution, Fourteenth Amendment.

4.02    Notwithstanding this constitutional prohibition, a City like Houston may use racial, ethnic, and gender classifications and preferences in awarding construction contracts if such action serves a compelling governmental interest and is narrowly tailored to serve that interest.

4.03    A City has a "compelling governmental interest" in remedying present discrimination or the present effect of discrimination in the past.  A City can also have a compelling governmental interest in avoiding passive participation in such discrimination.

4.04    To be "narrowly tailored" to serve that compelling interest, a remedial program like Houston's MWBE program must (a) be necessary since the government has shown that race neutral alternatives do not suffice; (b) be limited to those groups shown to have been discriminated against; (c) have an MWBE goal that accurately reflects MWBE availability; and (d) not unduly burden third parties like Kossman Contracting.

4.05    The standard of review to determine the constitutionality or unconstitutionality of preferences for MBEs is "strict scrutiny."

4.06    A public contracting program which discriminates in favor of women, as does Houston's, in order to withstand constitutional scrutiny, must have an "exceedingly persuasive justification."

V.

FACTS

A.

Houston's Ordinances

5.01    Kossman Contracting has in the past contracted with the City of Houston as a subcontractor, and wishes to do so again in the future.

5.02    Houston Code Section 15-83 requires that:

"(d) The bidding documents and the contract documents for goal-oriented contracts for which a MWSBE or participation level has been established shall contain a provision detailing the purposes and objectives of the City's MWSBE ordinance and shall incorporate by reference this article and the then-current motion establishing MBE and WBE annual goals. Regulated contracts which are determined to have significant subcontracting potential for which an MWSBE participation level has been established shall contain contractual provisions ... requiring the contractor to meet or exceed the determined MWSBE participation level for that contract, or to establish that it has made good-faith efforts to do so, and that notwithstanding such efforts, was unable to meet or exceed the determined participation levels."

5.03    According to Houston Code Section 15-82, an MBE is a Minority Business Enterprise, and WBE is a Women Business Enterprise. MBEs are business enterprises that are at least 51% owned and managed by "minority persons," and WBEs are business enterprises that are at least 51% owned and managed by women.

5.04    Houston's MWBE program violates the U.S. Constitution by basing MBE/WBE certification upon an individual's race, gender or national origin. Because the SBE component of the program is not being challenged, hereafter the program is referred to as the MWBE program.

5.05    Under the MWBE program, a prime contractor must either a) achieve the MWBE contract goal by hiring sufficient MWBE subcontracting, which causes the prime contractor to discriminate against non-MWBE subcontractors like Kossman Contracting or b) the prime contractor must obtain a waiver of the goal on the ground that the prime was unable to meet the MWBE goal despite good faith efforts to do so.

5.06    Houston Code Section 15-82 (5) defines "minority person" as a citizen or legal resident whose race or national origin includes only those persons who are Black, Spanish/Hispanic [which includes those with families from Spain but not Portugal], Asian-Pacific American, Subcontinent Asian and Native American, omitting persons like Mr. Robert Kossman who is a Caucasian male.

5.07    National origin is defined as "the ancestry, nationality group, lineage or country in which the person or person's parents or ancestors were born before their arrival in the United States."

5.08    Houston failed to initiate or revise race and gender neutral alternatives prior to instituting its current ordinance and program.  Nor have previous race neutral alternatives been evaluated and found insufficient.  Houston continues to refuse to implement, evaluate and utilize any significant, effective race and gender neutral alternatives to assist all small economically disadvantaged business enterprises, regardless of the race, ethnicity, or gender of the business' owner.

5.09    The assumption by Houston that women and "minority owned" businesses need governmental preference over those businesses that are not owned by women or minorities does not withstand strict scrutiny.  There is no compelling interest for the MWBE program nor is the program the narrowly tailored remedy for identified discrimination in the Houston marketplace.

5.10     The Houston MWBE program lacks the constitutionally required factual predicate. "The State of Minority- and Women-Owned Business Enterprise in Construction: Evidence from Houston," is a disparity study completed by NERA, a multi-national economic consulting firm. The disparity study, however, is too flawed to serve as factual predicate for the preferences inherent in the MWBE program.

5.11     Among the flaws of the NERA disparity study are:

a) the data source for MWBE and non-MWBE availability provides no measure of the willingness or qualifications of firms to complete contracts for the City;

b) the data source is purely headcount and ignores the reality that not all construction firms are big enough to complete the biggest of all construction contracts;

c) the study lacks prime contractor-specific and subcontractor-specific availability and disparity ratios;

d) the study did not find statistically significant underutilization for all MWBE groups, as is constitutionally required if all groups are to be included in a preference program, as they are in Houston's;

e) the study does not support the 34% MWBE goal in construction.

5.12     Houston's MWBE program has no logical stopping point.

B.

The Harm of Defendant's Programs to Kossman

5.13     The City of Houston MWBE program denies Kossman Equal Protection of the laws because prime contractors, already burdened by subcontracting out portions of the work in order to meet the MWBE goals, are unwilling to subcontract out work to Kossman Contracting, since

Kossman is a non-MWBE firm owned by a Caucasian male.  As a non-MWBE firm owned and operated by a Caucasian male, Kossman is unable to compete for the required goals of MWBE participation.

5.14    Consequently, Houston denies Kossman the opportunity to compete with MWBEs on an equal footing in the bidding process, even though Kossman is ready and able to compete for subcontracts. More than 90% of Kossman Contracting's revenue derives from public sector work.

5.15    To meet Houston's MWBE goals, prime construction contractors have awarded subcontracts to MWBE firms over Kossman's quotes and bids, even though the MWBE's bids were not the lowest and best bids.

5.16    Kossman's industry, Special Trade Contractors, is especially impacted by the MWBE program since MWBE goals are imposed with disproportionate frequency on subcontractors working in this industry.  This places an undue burden on Special Trade Contractors such as Kossman.

5.17    Thus, Houston's MWBE program embodies a prejudicial discriminatory policy based on race, gender and national origin which results in the denial of Kossman's constitutional rights of equal treatment and Equal Protection under the law.

5.18    As a result of Houston's MWBE program unconstitutionally discriminating on the basis of race, gender and national origin against Kossman Contracting, Kossman has lost subcontracts which it would have otherwise received.  Consequently, Kossman has also lost profits as a result of Houston's program.

5.19    Numerous future claims by others like Kossman of a similar nature are likely to arise against Houston and MWBE prgoram and require judicial resolution.  By issuing a declaration of rights at this time, the court will conserve judicial resources and provide guidance to the parties, and

to others who are similarly situated as to the legality of Houston's MWBE pogram.

5.20    As a result of Houston's MWBE program, Kossman has suffered and still suffers irreparable harm in that Kossman continues to lose and will lose subcontracts and profits now and in the future unless the injunctive relief requested below is granted.

5.21    The declaratory and injunctive relief requested below is necessary because Kossman has no plain, adequate, or speedy remedy at law to avoid the irreparable harm it suffers in lost subcontracts and profits as a result of the respective MWBE ordinances and programs.

5.22    Plaintiff has been injured in the past by Houston's unlawful conduct. Plaintiff intends to compete for Houston work in the future and if the City is permitted to continue its invidious discrimination against Kossman, plaintiff will continue to suffer injury.

VI.

CAUSES OF ACTION

6.01    42 U.S.C. § 1981 provides that every person within the jurisdiction of the United States shall have the same right to make contracts and shall enjoy full and equal benefits of all laws: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts …"

6.02    42 U.S.C. § 1983 provides that every person who, under color of any statute, regulation or custom of any State, subjects another person within the jurisdiction of the United States to any deprivation of "any rights, privileges, or immunities secured by the Constitution, shall be liable to the party injured in an action at law…"

6.03    Houston's MWBE program denies Kossman, a non-M/WBE firm more than 51% owned and controlled by a Caucasian male, equal protection of the laws, a right protected by the

Fourteenth Amendment to the Constitution of the United States.

6.04    Houston cannot demonstrate a compelling state interest in maintaining its respective ordinances and programs for MWBE participation requirements or that their respective ordinances and programs are narrowly tailored to achieve any purported remedial purposes for which they were enacted.

6.05    Houston has not demonstrated that its failure to impose MWBE goals on its contracts will constitute passive participation in any discriminatory award of City contracts.

VII.

CLAIMS FOR RELIEF

Plaintiff Kossman prays that the Court:

7.01    Declare void the portions of Houston's MWBE program which unconstitutionally deny Plaintiff Kossman equal protection under the law;

7.02    Issue a permanent injunction commanding Houston, its agents, employees, successors in office and all other persons in active concert and participation with it from utilizing or enforcing those portions of its MWBE program which are unconstitutional, and permanently enjoin Houston from administering any portions of its MWBE program in a manner which denies Kossman its rights guaranteed by federal law and the U.S. Constitution.

7.03 Award Kossman its reasonable and necessary attorney's fees, expenses and costs pursuant to 42 U.S.C. § 1988; and

7.04 Grant Kossman such other and further relief at law or in equity to which Kossman is entitled.

Respectfully submitted,

TINGLEAF & ASSOCIATES

Dale M. Tingleaf        /s/

_____

DALE M. TINGLEAF
Attorney-in-Charge
State Bar No. 20055000
Federal I.D. 94853
820 Gessner, Suite 1445
Houston, Texas 77024
Telephone: (713) 467-5252
Facsimile:  (713) 467-5252
Email: tingleaf@aol.com

ATTORNEY FOR PLAINTIFF,
KOSSMAN CONTRACTING CO., INC.